IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PHIL WALTERS, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. |
| v. ) | JURY DEMANDED |
| ) | |
| CITY OF KNOXVILLE, TENNESSEE, ) | |
| ARIM ISMAIL, Individually and as an agent ) | |
| and employee of City of Knoxville; and ) | |
| Officer #2, John Doe, Individually and as ) | |
| an agent and employee of City of Knoxville ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes the Plaintiff, Phil Walters, by and through counsel and for cause of action against Defendant would state as follows:

### INTRODUCTION

1. This is a civil rights, personal injury, and common law tort action arising from the actions of City of Knoxville ("Knoxville"), Tennessee and its officers, including Arim Ismail and a male officer, "John Doe", for using excessive force by shooting at Mr. Walters without provocation and without reason, and unlawfully detaining him on December 2, 2023.

2. Mr. Walters' claims under 42 U.S.C.A. § 1983 arise from Defendants violation of Mr. Walters' clearly established rights, guaranteed to his under the United States Constitution, including the right to be free from unlawful seizure, excessive force, and cruel and unusual punishment. Furthermore, Mr. Walters' claims under the

1

Tennessee Government Liability Act § 29-20-205 arise from the intentional and negligent conduct of Defendant which caused severe and significant harm to Plaintiff.

**PARTIES**

3. Mr. Walters is an adult citizen of the United States of America and a resident of the State of Tennessee. Mr. Walters currently resides at 433 Canberra Drive Knoxville, Tennessee 37923.

4. Mr. Walters sues Defendant for all damages recoverable under state and federal law.

5. Defendant City of Knoxville, Tennessee ("Defendant Knoxville") is a governmental entity created under the laws of the State of Tennessee. Among its other functions, Defendant operates and maintains a law enforcement agency, including training, supervision, and discipline of law enforcement deputies. Defendant is responsible for ensuring the establishment and enforcement of rules, regulations, policies, procedures, and customs including training, supervision, and discipline of law enforcement deputies. Defendant is responsible for ensuring the establishment and enforcement of rules, regulations, policies, practices, procedures, and customs for the City of Knoxville's Police Department ("KPD").

6. Defendants do not have immunity actions involving the violation of the civil rights of its citizens and has waived sovereign immunity for the acts and/or omissions of its employees set forth herein pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. § 29-2010, *et seq.*, and T.C.A. § 8-8-302. Defendant Knoxville is liable for its own conduct and the acts and omissions of its elected officials, employees, agents, and

contractors, by virtue of the fact that they acted in conformity with the policies, practices, and customs of City of Knoxville.

7. Defendant Officer Arim Ismail and Defendant Officer John Doe (collectively "KPD Defendants") are members of the Knoxville Police Department, ("KPD"), and based on information and belief, are adult resident citizens of Knox County, Tennessee.

8. KPD Defendants were at all times material hereto under a duty to run its policing activities in a lawful manner so as to preserve the peace of City of Knoxville and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the laws of both the United States and the State of Tennessee.

9. At all relevant times, KPD Defendants, were acting by virtue of their positions as law enforcement officials of Defendant Knoxville and under the color of state law.

## JURISDICTION AND VENUE

9. This cause of action arises out of an incident that occurred on December 2, 2023 from an incident that occurred on Pembrooke Shire Lane, Knoxville Tennessee.

10. Venue lies with this Court pursuant to 28 U.S.C.A. § 1391, as all the acts or omissions which give rise to this cause of action occurred within this district, and based on information and belief, Defendant Knoxville conducts business in this district.

11. Jurisdiction lies with this Court pursuant to federal question jurisdiction, 28 U.S.C.A. §§ 1391 and 1343, based on the claims brought under 42 U.S.C.A. § 1983, 42 U.S.C.A. § 1988, 42 U.S.C.A. § 12132, and the Fourteenth Amendment of the Constitution of the United States of America. Mr. Walters further invokes the supplemental jurisdiction

3

Case 3:24-cv-00479-CEA-JEM    Document 1    Filed 12/02/24    Page 3 of 13    PageID #: 3

of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C.A. § 1367.

12. Each and every act of Defendants were performed under the color of state law and by virtue of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of Tennessee, Knoxville, and under the authority of positions as law enforcement deputies for such state and county.

13. All the wrongs complained of herein occurred within this jurisdiction and within the applicable statute of limitations governing this action and this Court has jurisdiction.

## FACTUAL BACKGROUND

14. At the time of the incident, Mr. Walters lived at 6844 Pembrooke Shire Lane, Knoxville, TN 37909.

15. Around 1:00 a.m. on December 2, 2023, Mr. Walters was returning back to his home from a run when he received a message(s) from an unknown person that informed Mr. Walters that the unknown person was going to kill him.

16. Scared for his safety, Mr. Walters sent a text to Defendant Knoxville dispatch through its Text to 911 technology stating, "[n]eed help ASAP".

17. At 1:30 am, Defendant Officer Arim Ismail responded to Mr. Walters' home.

18. Upon Officer Ismail's arrival, Mr. Walters opened his garage door to greet the officer.

19. Defendant Ismail suddenly and without cause fired a shot in Mr. Walters' direction, narrowly missing Mr. Walters.

20. Mr. Walters was unarmed when Defendant Ismail shot at him.

4

21. After being shot at, Mr. Walters was unsure if the person shooting at him was an officer or if it was someone involved with the threatening texts he received.

22. Fearing for his safety, Mr. Walters retrieved his handgun.

23. At no point did Mr. Walters fire any shots.

24. Defendant Ismail held Mr. Walters at gun point and states, "I've got one at gun point. He's in the garage. I can't get him to come out.")

25. Mr. Walters yelled back at Defendants Ismail and Doe, saying he meant no harm, that he was the homeowner, and that he is the one who requested help. He further stated that he was unsure if he was communicating with officers.

26. KPD Defendants began yelling commands at Mr. Walters contemporaneously, threatening to shoot him if he made any wrong moves.

27. Eventually, Mr. Walters exited the garage, followed the instructions of the officers, which resulted in him lying on the ground with his arms behind his back and his ankles crossed.

28. KPD Defendants then forcefully detained Mr. Walters, placing him in handcuffs while still on the ground.

29. Mr. Walters reiterated the house was his, he was the one who requested help, and there were texts on his phone that proved he was threatened.

30. At no point did KPD Defendants investigate Mr. Walters' original concern and request for help.

31. KPD Defendants refused to let Mr. Walters show them his phone which had the death threats.

32. Officer John Doe commanded Mr. Walters to get into the police vehicle.

33. It was confirmed that Mr. Walters did not fire any weapon and the house was his, but KPD Defendants took Mr. Walters to the University of Tennessee Hospital ("UT Hospital") against his will.

34. Once he arrived at UT Hospital, in handcuffs, Mr. Walters was involuntarily committed.

35. At this point, Mr. Walters was begging for someone, anyone, to let him show them his phone so he could provide proof of the threatening messages he received.

36. No officer, nurse, or doctor would allow Mr. Walters to access his phone.

37. Mr. Walters stayed in a room by himself for almost four (4) days and underwent several mental evaluations.

38. The first evaluation was based on a fictitious story that was provided to UT Hospital that Mr. Walters fired a gun at police.

39. The medical personnel who conducted the first evaluation attempted to convince Mr. Walters that he fired his weapon and needed further mental evaluation.

40. On the fourth day at UT Hospital, a doctor met with Mr. Walters and informed him that if he could provide proof of threatening messages, he could leave the hospital with no follow-up treatment.

41. Medical records will confirm that Mr. Walters showed Dr. Bryan West his phone and Dr. West agreed that Mr. Walters was telling the truth and subsequently released Mr. Walters.

42. At no point prior to or during the incident was Mr. Walters using or taking any unprescribed medications or drugs.

6

43. At no point prior to or during the incident was Mr. Walters drinking alcohol.

44. At no point material hereto did Mr. Walters commit a crime or take any action that could have given officers reasonable suspicion that Mr. Walters was committing a crime or had committed a crime.

45. At no point material hereto did Mr. Walters pose a threat to the safety of officers or other people in the area.

46. At no point material hereto did Mr. Walters resist arrest or attempt to evade arrest by flight.

47. Upon information and belief, officers falsely claimed that Mr. Walters employed a weapon against officers and falsely characterized his mental health condition in order to avoid liability.

48. As a direct and proximate cause of the foregoing events, Mr. Walters sustained severe mental health problems, auditory hallucinations, and paranoia.

49. Prior to this incident, Mr. Walters had never been diagnosed with any mental health illness.

50. Mr. Walters has been successful professionally throughout his life and has had no prior arrests.

51. Defendants had non-delegable constitutional duties to ensure that Mr. Walters was seized using, at most, only reasonable force under the circumstances and that he was properly monitored, evaluated, and treated and that the KPD, its agents, and its employees provided constitutionally adequate services to Mr. Walters.

52. Defendants had non-delegable constitutional duties to ensure that Mr. Walters was not seized or arrested without reasonable suspicion or probable cause.

However, Defendant Knoxville had policies, practices and customs in place which failed to ensure that Mr. Walters' constitutional rights were protected during use of force applications by failing to properly screen, train, and supervise its deputies. Therefore, Defendant Knoxville is liable for any acts and omissions of the KPD deputies performed pursuant to the policies, practices, and customs of City of Knoxville.

53. However, Defendant Knoxville had policies, practices and customs in place which failed to ensure that the protections of citizen's constitutional rights were protected during use of force applications by failing to properly screen, train, and supervise its deputies. Therefore, Defendant Knoxville is liable for any acts and omissions of the KPD deputies performed pursuant to the policies, practices, and customs of City of Knoxville.

54. At all times material hereto, KPD Defendants were acting in their official capacities and by virtue of their positions as law enforcement deputies.

## CAUSES OF ACTION

### Count I: Federal Constitutional Violations, Including 42 U.S.C.A. § 1983

65. Mr. Walters hereby incorporates in its entirety each and every paragraph of this Complaint as if fully set forth herein.

66. Mr. Walters avers that objectively unreasonable and excessive force was used against him.

67. KPD Defendants committed the above-described actions and/or omissions under the color of state law and by virtue of their authority as a KPD officer and substantially deprived Mr. Walters of his rights, privileges, and immunities guaranteed to

8

Case 3:24-cv-00479-CEA-JEM    Document 1    Filed 12/02/24    Page 8 of 13    PageID #: 8

his as a citizen of the United States in violation of 42 U.S.C.A. § 1983 and deprived Mr. Walters of the rights guaranteed to him by the Fourteenth Amendment to the United State Constitution including, but not limited to:

    a.    The right to freedom from unreasonable seizure of his person;

    b.    The right to freedom from the use of unreasonable, unjustified, and excessive force;

    c.    Failure to intervene and stop the violation of Mr. Walters' constitutional rights;

    d.    The right to freedom from deprivation of liberty without the process of law;

    e.    The right to freedom from arbitrary governmental activity which "shocks the conscience" of a civilized society in violation of his substantive due process rights.

68. Further, pursuant to applicable law, Defendant City of Knoxville is liable for the acts or failure to act of any KPD deputy and may be held jointly and severally liable for any such resulting injuries, losses, or damages.

69. As a direct and proximate result of Defendants' acts and/or omissions, Mr. Walters sustained substantial mental and physical injuries, sustaining the damages and losses sought herein.

## Count II STATE LAW CLAIMS

## Count IV: Negligence

110. Mr. Walters hereby incorporates in its entirety each and every paragraph of this Complaint as if fully set forth herein.

111. Defendant Knoxville is a governmental entity as defined in T.C.A. § 29-20-102.

112. The acts and omissions of Defendant alleged herein were committed in the course and scope of employment with City of Knoxville, KPD, and in the performance of official functions.

113. KPD Defendants owed a duty to carry out policework in a lawful manner so as to preserve the peace of the City of Knoxville and to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the Tennessee Constitution and the laws of the State of Tennessee.

114. KPD Defendants owed a duty to carry out policework in a lawful manner so as to preserve the peace of the City of Knoxville and to preserve to its citizens the rights, privileges, and immunities guaranteed and secured to them by the Tennessee Constitution and the laws of the State of Tennessee.

115. KPD Defendants breached their duty when they used excessive force against Mr. Walters.

116. The use of excessive force by KPD Defendants was a substantial factor in, and a foreseeable cause of, the injuries Mr. Walters suffered.

117. KPD Defendants breached their duty when they responded with aggression and violence without reason.

118. In the alternative, Mr. Walters would not have been injured absent Defendants' negligence.

119. As a result, Mr. Walters suffered and continues to suffer from emotional and mental harm incurred during and after his unlawful seizure including fear, humiliation, mental anguish, and is reasonably certain to experience ongoing pain and suffering in this manner.

120. Alternatively, the acts, omissions and conduct of the deputies herein in failing to identify that Mr. Walters was suffering from mental illness (and failing to obtain timely treatment) constitute negligence under the laws of the State of Tennessee. Mr. Walters avers that deputies should be held jointly and severely liable for these torts, as the deputies acted in the course and scope of their employment at all times material hereto and their actions were foreseeable.

121. Further, Defendant Knoxville is liable for the negligent acts of its agents and/or employees acting within the course and scope of their positions under the state law doctrines of respondent superior, vicarious liability, employer/employee and agency.

122. As a direct and proximate result of KPD Defendants acts and/or omissions, Mr. Walters sustained personal injuries, sustaining the damages and losses sought herein.

## DAMAGES AND PRAYER FOR RELIEF

127. As a direct and proximate result of the acts and omissions of Defendant, Mr. Walters' constitutional rights were violated, and he sustained traumatic mental and bodily injury. The injuries and damages for which Mr. Walters seeks compensation from Defendant, under both state and federal law include, but are not limited to, the following:

    a. Physical pain and suffering; and

    b. Emotional pain and suffering.

128. Mr. Walters requests that this Honorable Court enter a judgment against Defendant, granting or awarding the following relief:

    a. Compensatory damages for the injuries, and damages sustained by Mr. Walters described herein in the amount the jury determines appropriate and just, not less than $300,000.00;

    b. Attorney's fees, to the fullest extent allowable by the statutes generally referenced herein and/or the common law applicable by the statutes generally referenced herein and/or the common law applicable to this case, including, but not limited to, the extent permitted under 42 U.S.C.A. § 1988;

    c. Statutory and discretionary costs;

    d. Pre- and post-judgment interest; and

    e. All such further relief, both general and specific, to which he may be entitled.

129. Mr. Walters requests that a jury be impaneled to hear this cause.

Respectfully submitted this the 2nd day of December, 2024.

    */s/ Nathaniel H. Evans*
NATHANIEL H. EVANS, BPR # 026292
THE EVANS LAW FIRM
625 Market Street, Suite 404
Knoxville, Tennessee 37902
(865) 523-2755